IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE BROWN,)
)
    Plaintiff,)
)
 -vs-) Civil Action No. 17-783
)
NANCY A. BERRYHILL,[1])
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7 and 9). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 6) and granting Defendant's Motion for Summary Judgment. (ECF No. 8).

**I.**     **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his application alleging disability since November 1, 2012. (ECF No. 4-7, p. 2). Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on November 24, 2015. (ECF No. 4-3). On February 26, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 17-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred in failing to adequately explain why the opinions of treating physician, Dr. McCauslin, D.O., and a consultative examiner, Dr. Wilson, Ph.D., were rejected. (ECF No. 7, pp. 6-8). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence

3

[of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. McCauslin authored on September 16, 2014. (ECF No. 7, p. 7). To be clear, the ALJ did not reject Dr. McCauslin's entire opinion of September 16, 2014.[2] (ECF No. 4-2, pp. 25-26).

---

[2] Dr. McCauslin authored three separate opinions: September 16, 2014, October 14, 2014 and March 3, 2015. (ECF No. 4-2, pp. 25-27). The ALJ addressed and weighed each opinion separately. *Id.*

4

Rather, the record reveals that the ALJ gave this opinion limited weight. *Id.* As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Instead, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did.

Specifically, the ALJ did not accept the opinion that Plaintiff could not sit, stand and walk for a total of 8-hours because "the vascular records show improved walking distance with improved pulses and minimal other deficits and the record shows generally normal gait with no mention of a cane until September of 2014." *Id.* at p. 26. Additionally, the ALJ called the opinion into question because Dr. McCauslin stated she had been treating Plaintiff since 2011, but she did not become Plaintiff's PCP until February of 2014 and there are no treatment records of Dr. McCauslin before 2014. *Id.* These are valid and acceptable reasons for discounting evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 4-2, p. 22-28). Thus, I find no error in this regard.

Plaintiff also suggests, in a sentence fragment, that the ALJ erred in failing to comment on Dr. McCauslin's opinion that Plaintiff would miss 3 days a month due to "bad days." (ECF No. 7, p. 7). I am assuming Plaintiff is referring to Dr. McCauslin's March 3, 2015 opinion. The ALJ specifically and thoroughly addressed Dr. McCauslin's March 3, 2015 opinion regarding Plaintiff's mental impairments. (ECF No. 4-2, p. 27). To that end, the ALJ gave the opinion only some weight because Dr. McCauslin is Plaintiff's treating PCP but is not a mental health specialist. *Id.* The ALJ continued "the record shows greater difficulties interacting with the public than found by Dr. McCauslin. However, overall it is generally consistent with the

5

evidence of record showing improvement with treatment with Zyprexa, including the resolution or ability to ignore his hallucinations and paranoia, improved moods, less irritability and improve communications. In addition, it is consistent with his provider's statements that with treatment he experienced relief from his symptoms and was stable." *Id.* These are valid and acceptable reasons for weighing evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 4-2, p. 22-28). Thus, I find no error in this regard.

With regard to Dr. Wilson, Plaintiff suggests that the ALJ gave her opinion little weight assuming it was based "solely" on Plaintiff's subjective complaints and offered no explanation to support this assumption. (ECF No. 7, pp. 7-8). To begin with, a review of the ALJ's decision reveals that this is not an accurate description of the ALJ's opinion. *See,* ECF No. 4-2, p. 27. Rather, the ALJ gave Dr. Wilson's opinion little weight because, *inter alia,* "it appears to be based **primarily** on the claimant's subjective complaints." (ECF No. 4-2, p. 27, emphasis added). The Third Circuit has held an ALJ "may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of [his] symptoms and limitations when the claimant's complaints are properly discounted." *Morris v. Barnhart,* 78 F.App'x 820, 824-25 (3d Cir. 2003). [A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). As the ALJ found that Plaintiff was not entirely credible, the ALJ was then free to reject a medical opinion based on Plaintiff's own reporting.

Moreover, this was not the only reason the ALJ rejected Dr. Wilson's opinion as Plaintiff implies. *See,* ECF No. 7, pp. 7-8. The ALJ further rejected the opinion of Dr. Wilson because Plaintiff's presentation was "inconsistent with the other medical evidence….explain[ing that Plaintiff] was not oriented at the examination as well as a lack of responsiveness, but all of the records show orientation and participation in the interview process with normal speech and thoughts. In addition, the records show improvement in his hallucinations and paranoid thoughts with treatment. Furthermore, there was some question as to the claimant's alcohol use and possible intoxication at the time of the examination further calling into question the findings." *Id.* Again, consistency and supportability are valid and acceptable reasons for discounting evidence. After a review of the record, I find these reasons to be supported by substantial evidence. (ECF No. 8-2, pp. 17-30). Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EUGENE BROWN, )
)
      Plaintiff, )
)
-vs- ) Civil Action No. 17-783
)
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of June, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 6) is denied and Defendant's Motion for Summary Judgment (ECF No. 8) is granted.

                    BY THE COURT:

                    s/ Donetta W. Ambrose
                    Donetta W. Ambrose
                    United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.